IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

 Plaintiff,

v.                                  No. 2:23-cr-0773 RB

JORGE RAMIREZ-RAMIREZ,

 Defendant.

## MEMORANDUM OPINION AND ORDER

 THIS MATTER is before the Court on Defendant Jorge Ramirez-Ramirez's Motion for a Reduction of Sentence, in which Ramirez argues he is entitled to a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. (Doc. 22.) The Federal Public Defender reviewed Ramirez's motion and declined to file a motion on his behalf. (Doc. 24.) The United States contends Ramirez is ineligible for a reduction. (Doc. 25.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds that even after applying the applicable amendment, Ramirez's sentencing range remains unchanged. The Court will therefore **DISMISS** the motion.

**I. BACKGROUND**

 On May 25, 2023, pursuant to a Rule 11(c)(1)(C) Fast Track Plea Agreement, Ramirez pleaded guilty to one count of reentry of a removed alien in violation of 8 U.S.C. § 1326(a)(1)–(2) and (b)(2). (Docs. 14–15.) The United States Probation Office (USPO) provided a presentence report and computed a total offense level of 13. (Doc. 16 ¶ 20.) Ramirez's offense level was reduced by two levels pursuant to Rule 11(c)(1)(C) and U.S.S.G. § 5K3.1, resulting in an adjusted total offense level of 11. (*See id.*) Based on Ramirez's prior convictions, the USPO calculated a criminal history score of seven. (*Id.* ¶ 27.) Because he committed the "offense while under a

criminal justice sentence[,]" two status points were added for a total criminal history score of nine, which resulted in a criminal history category of IV and a guideline imprisonment range of 18–24 months. (*Id.* ¶¶ 28–29, 46.)

On July 13, 2023, the Court sentenced Ramirez to 20 months of imprisonment. (Doc. 20.) His anticipated release date is January 16, 2025. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 27, 2024).

Since Ramirez was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Ramirez, acting pro se, now asks the Court to reduce his sentence under Part A of Amendment 821. (Doc. 22.) The Federal Public Defender declined to file a motion on Ramirez's behalf, and the United States opposes the motion. (Docs. 24–25.)

## I.   LEGAL STANDARDS

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial

assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also*

*United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

## II.  DISCUSSION

The United States acknowledges that the status points amendment in § 4A1.1(e) applies here. (*See* Doc. 25 at 4.) Ramirez was initially assessed seven criminal history points,[1] but two status points were added under § 4A1.1(d) because he committed the offense while under a criminal justice sentence. (*See* Doc. 16 ¶¶ 27–28.) With a total of nine criminal history points, Ramirez's criminal history category was IV. (*Id.* ¶ 29.) If the Court applied the status point amendment and gave Ramirez only one additional status point instead of two for a total of eight

---

[1] Given that Ramirez was assessed seven criminal history points before the additional status points, he is not eligible for the retroactive zero-point offender adjustment under Part B of Amendment 821.

criminal history points, he would still have a criminal history category of IV. (*See* Doc. 25 at 4 (citing U.S.S.G. Sent'g Table (Nov. 1, 2023)).)

To calculate the guideline range, the Court must look at Ramirez's offense level and criminal history category *before* considering the two-level departure under § 5K3.1. *See* U.S.S.G. § 1B1.10 app. note 1(A)) (providing that "courts must use 'the guideline range that corresponds to the offense level and criminal history category . . . which is determined before consideration of any departure provision in the Guidelines Manual or any variance"); *see also United States v. Gutierrez*, 859 F.3d 1261, 1665–66 (10th Cir. 2017). Again, Ramirez's "offense level, without the benefit of the § 5K3.1 departure for early disposition, was 13[,]" resulting in an "original pre-departure guideline range [of] 24 to 30 months." (*See* Doc. 25 at 4 (citing Doc. 16 ¶ 20).) That range remains unchanged with one less status point. *See* U.S.S.G. Sent'g Table (Nov. 1, 2023). Because the status points amendment "does not have the effect of lowering [Ramirez's] applicable guideline range[,]" a reduction "is not authorized under 18 U.S.C. § 3582(c)(2) . . . ." *See* U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Atencio*, No. 13-CR-959 MV, 2024 WL 3901192, at *1 (D.N.M. Aug. 22, 2024) ("The district court does not have the power to modify a sentence pursuant to § 3582(c)(2) unless the defendant was sentenced based on a guidelines range lowered by a subsequent amendment to the Sentencing Guidelines.") (citing *United States v. McGee*, 615 F.3d 1287, 1291–92 (10th Cir. 2010)). The Court must dismiss Ramirez's motion on this basis.

**IT IS THEREFORE ORDERED** that Ramirez's Motion for a Reduction of Sentence (Doc. 22) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE